## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

WENDT CORPORATION  :
                                    :

        Petitioner/Cross-Respondent :

      v.                                  : Nos. 20-1319

                                          :         20-1328

NATIONAL LABOR RELATIONS BOARD  :

                                     :

        Respondent/Cross-Petitioner :

### JUDGMENT

Before: PILLARD and WILKINS, *Circuit Judges* and EDWARDS, *Senior Circuit Judge*.

THIS CAUSE came to be heard upon a petition filed by Wendt Corporation to review an Order of the National Labor Relations Board dated July 29, 2020, in Case Nos. 03-CA-212225, 03-CA-220998 and 03-CA-223594, reported at 369 NLRB No. 135, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument from the parties and has considered the briefs and agency record filed in this cause. On March 1, 2022, the Court, being fully advised in the premises, handed down its opinion granting Wendt Corporation's petition in part and granting in part the Board's cross-application for enforcement. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that Wendt Corporation, its officers, agents, successors, and assigns, shall abide by the said order as modified by the Court. (See Attached Order and Appendix)

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

ENTERED:

# WENDT CORPORATION

v.

## NATIONAL LABOR RELATIONS BOARD

### ORDER

Wendt Corporation, Cheektowaga, New York, its officers, agents, successors, and assigns, shall

1. Cease and desist from

   (a) Interrogating employees about their union sympathies.

   (b) Creating the impression that it is engaged in surveillance of its employees' union or other protected concerted activities.

   (c) Informing or implying to employees that employees who support Shopmen's Local Union No. 576 (the Union) will be laid off.

   (d) Threatening employees with reprisals if they support the Union or any other labor organization.

   (e) Threatening employees with unspecified reprisals for wearing union insignia.

   (f) Instructing employees to remove union insignia.

   (g) Instructing employees to remove prounion photographs from social media.

   (h) Denying employees' requests for union representation at interviews that they reasonably believe can result in discipline.

   (i) Discriminating against employees for supporting the Union by delaying their performance reviews and wage increases, suspending them, assigning them to undesirable work, or denying them overtime.

   (j) Unilaterally changing the terms and conditions of employment of its unit employees by mandating overtime, removing unit work and transferring it to supervisors, or delaying their performance reviews and wage increases.

   (k) Refusing to bargain collectively with the Union by failing and refusing to furnish it with requested information that is relevant and necessary to the Union's performance of its functions as the collective-bargaining representative of the Respondent's unit employees.

1

(l) Failing to recognize and bargain with the Union as the exclusive representative of employees in the bargaining unit by refusing to bargain regarding the retroactivity of pay increases conferred in 2018.

(m) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Make employees who were not timely provided their performance evaluations and wage increases, and Dennis Bush and William Hudson, whole for any loss of earnings and other benefits suffered as a result of the Respondent's unlawful conduct, in the manner set forth in the remedy section of the judge's decision as amended in this decision.

(b) Compensate employees who were not timely provided their performance evaluations and wage increases, and Dennis Bush and William Hudson, for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and file with the Regional Director for Region 3, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years for these individuals.

(c) Within 14 days from the date of this Order, remove from its files any reference to the unlawful suspension of Dennis Bush, and within 3 days thereafter notify him in writing that this has been done and that the suspension will not be used against him in any way.

(d) Within 14 days from the date of this Order, remove from Dmytro Rulov's 2018 performance review the language that he should focus on work, and within 3 days thereafter notify him in writing that this has been done.

(e) Rescind its unlawful unilateral removal of unit work and restore the status quo ante with respect to any reductions in the work performed by unit employees due to the unlawful employment of supervisors to perform unit work.

(f) Before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain with the Union as the exclusive collective-bargaining representative of employees in the following bargaining unit:

2

All full-time and regular part-time janitors, welders, machine operators, maintenance mechanics, fitters, assemblers, painters, machinists, leadmen and shipping and receiving clerks employed by the Respondent at its facility located at 2555 Walden Avenue, Buffalo, New York 14225, but excluding office clerical employees, guards, professional employees, and supervisors as defined in the Act.

(g) On request, bargain with the Union regarding the retroactivity of pay increases conferred in 2018.

(h) Furnish to the Union in a timely manner the information requested by the Union since on about May 24, 2018, regarding the dates of performance reviews and wage increases to nonunit employees.

(i) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(j) Post at its facility in Cheektowaga, New York, copies of the attached notice marked "Appendix."[25] Copies of the notice, on forms provided by the Regional Director for Region 3, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall

---

[25] If the facility involved in these proceedings is open and staffed by a substantial complement of employees, the notices must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notices must be posted within 14 days after the facility reopens and a substantial complement of employees have returned to work, and the notices may not be posted until a substantial complement of employees have returned to work. Any delay in the physical posting of paper notices also applies to the electronic distribution of the notice if the Respondent customarily communicates with its employees by electronic means

3

be taken by the Respondent to ensure that the notice is not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since September 1, 2017.

(k) Within 21 days after service by the Region, file with the Regional Director for Region 3 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

4

# NATIONAL LABOR RELATIONS BOARD

## APPENDIX

## NOTICE TO EMPLOYEES

**POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD**
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT coercively interrogate you about your union sympathies.

WE WILL NOT give you the impression that we are engaged in surveillance of your union or other protected concerted activities.

WE WILL NOT inform you or imply to you that employees who support Shopmen's Local Union No. 576 (the Union) will be laid off.

WE WILL NOT threaten you with reprisals if you support or show support for the Union or any other labor organization.

WE WILL NOT threaten you with unspecified reprisals for wearing union insignia.

WE WILL NOT instruct you to remove union insignia.

WE WILL NOT instruct you to remove prounion photographs from social media.

WE WILL NOT deny your requests for union representation at interviews that you reasonably believe can result in discipline.

WE WILL NOT discriminate against you for supporting the Union by delaying your performance reviews and wage increases, suspending you, assigning you to undesirable work, or denying you overtime.

WE WILL NOT change your terms and conditions of employment by delaying your performance reviews and wage increases, mandating overtime, or removing unit

work and transferring it to supervisors, or otherwise change your terms and conditions of employment without first notifying the Union and giving it an opportunity to bargain.

WE WILL NOT refuse to bargain collectively with the Union by failing and refusing to furnish it with requested information that is relevant and necessary to the Union's performance of its functions as the collective-bargaining representative of our unit employees.

WE WILL NOT fail to bargain with the Union as the exclusive representative of our employees in the bargaining unit by refusing to bargain regarding the retroactivity of pay increases conferred in 2018.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL make Dennis Bush, William Hudson, and employees who were not timely provided their performance evaluations and wage increases whole for any loss of earnings and other benefits suffered as a result of our unlawful conduct, plus interest.

WE WILL compensate employees who were not timely provided their performance evaluations and wage increases, and Dennis Bush and William Hudson, for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and WE WILL file with the Regional Director for Region 3, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years for these individuals.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful suspension of Dennis Bush, and WE WILL, within 3 days thereafter, notify him in writing that this has been done and that the suspension will not be used against him in any way.

WE WILL, within 14 days from the date of the Board's Order, remove from Dmytro Rulov's 2018 evaluation the language that he should focus on work, and WE WILL, within 3 days thereafter, notify him in writing that this has been done.

WE WILL rescind our unlawful unilateral removal of unit work and restore the status quo ante with respect to any reductions in the work performed by unit employees due to the unlawful employment of supervisors to perform unit work.

WE WILL, before implementing any changes in wages, hours, or other terms and conditions of employment of unit employees, notify and, on request, bargain with the Union as the exclusive collective-bargaining representative of our employees in the following bargaining unit:

2

All full-time and regular part-time janitors, welders, machine operators, maintenance mechanics, fitters, assemblers, painters, machinists, leadmen and shipping and receiving clerks employed by the Respondent at its facility located at 2555 Walden Avenue, Buffalo, New York 14225, but excluding office clerical employees, guards, professional employees, and supervisors as defined in the Act.

WE WILL, on request, bargain with the Union regarding the retroactivity of pay increases conferred in 2018.

WE WILL provide the Union with the information that it requested since on about May 24, 2018, regarding the dates of performance reviews and wage increases to nonunit employees.

WENDT CORPORATION

The Board's decision can be found at www.nlrb.gov/case/03-CA-212225 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



3

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

WENDT CORPORATION       :
             :
   Petitioner/Cross-Respondent   :
             :   Nos.   20-1319
  v.            :       20-1328
             :
NATIONAL LABOR RELATIONS BOARD   :
             :
   Respondent/Cross-Petitioner   :

CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, I electronically filed the foregoing

document with the Clerk of the Court for the United States Court of Appeals for

the District of Columbia Circuit using the appellate CM/ECF system. I further

certify that the foregoing document was served on all parties or their counsel of

record through the appellate CM/ECF system.

          /s/Ruth E. Burdick
          Ruth E. Burdick
          Deputy Associate General Counsel
          National Labor Relations Board
          1015 Half St., S.E.
          Washington, D.C. 20570

Dated at Washington, D.C.
this 7th day of March 2022